**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4904**

_____

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

         v.

TAVARIS DELINO BATTLE, a/k/a Skeeter,

                   Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge.   (5:13-cr-00237-D-1)

_____

Submitted:  May 21, 2015              Decided:  May 29, 2015

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

_____

John Keating Wiles, CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC,
Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tavaris Battle pled guilty, pursuant to a written plea agreement, to conspiring to distribute and possess with the intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012), and using and carrying a firearm in furtherance of a drug-trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 2 (2012). The court ultimately sentenced Battle to life imprisonment. Battle's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court imposed an unreasonable sentence. Battle filed a pro se supplemental brief, asserting that his guilty plea was involuntary and he suffered ineffective assistance of counsel.

The Government has moved to dismiss the appeal, contending that Battle waived his right to appeal in his plea agreement. We grant the motion in part and dismiss the appeal in part. As to those claims beyond the scope of the waiver, we affirm.

We review Battle's claim that his guilty plea was involuntary for plain error because he did not move to withdraw his guilty plea in the district court. United States v. Bradley, 455 F.3d 453, 461-62 (4th Cir. 2006). Under that standard, Battle must demonstrate that an error (1) occurred,

(2) was plain, and (3) affected his substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). Even then, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks and brackets omitted).

"In order for a guilty plea to be valid, the Constitution imposes the minimum requirement that the plea be the voluntary expression of the defendant's own choice." United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks and brackets omitted). It "must also be entered knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Id.; see Fed. R. Crim. P. 11. Ultimately, a guilty plea's validity rests on "the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

After reviewing the record, we conclude that Battle's guilty plea was valid. The district court fully complied with Rule 11 in accepting Battle's guilty plea after a thorough hearing. In sum, Battle's guilty plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

3

Next, in determining whether Battle validly waived his right to appeal, our review is de novo. United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013). A defendant may waive his appellate rights, and we "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012).

Here, the record establishes that Battle knowingly and intelligently waived his right to appeal. During the plea colloquy, Battle specifically affirmed that he waived his right to appeal after a lengthy discussion about the waiver with the district court. That being said, a valid waiver only precludes appeal of those issues within the scope of the waiver, subject to exceptions not relevant here. Id. at 539. Here, Battle's challenge to his sentence falls within the scope of his waiver, while his ineffective assistance claim survives it.

Ineffective assistance claims, however, are not generally addressed on direct appeal, unless an attorney's ineffectiveness conclusively appears on the face of the record. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such

claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, Battle's claim should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. To the extent Battle's and his counsel's claims are within the scope of his valid appellate waiver, we grant the Government's motion to dismiss his appeal. We otherwise affirm the district court's judgment. This court requires that counsel inform Battle, in writing, of his right to petition the Supreme Court of the United States for further review. If Battle requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Battle. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART